# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# FILE NO. 5:10-CV-00070-RLV-DSC

| | |
|---|---|
| MARGARET MARTINS, | ) |
| Plaintiff, | ) |
| v. | ) |
| MAXIMUS, INC., | ) |
| Defendant. | ) |

## ORDER ON CONFIDENTIALITY

Having considered the parties' CONSENT MOTION FOR ORDER ON CONFIDENTIALITY, the Court determines:

(i) Some of the documents and materials exchanged and the testimony obtained by the Parties during discovery in this action contain confidential information of Defendant, including but not limited to proprietary trade secrets, private, personal and confidential information about Defendant's customers, employees, and former employees, and information related to Defendant's business policies, practices, and decisions. Such documents and materials may also contain confidential information relating to Plaintiff's business and professional activities following her employment with Defendant, as well as her income tax returns and medical records.

(ii) If Plaintiff's or Defendant's confidential information is disclosed to third parties, the disclosure would cause that party irreparable harm for which that party would have no adequate redress in law or equity.

(iii) Defendant has engaged several measures to protect the confidentiality of such information, including deeming the information confidential in the course of its business, limiting access to such information to those with a need-to-know, and having its employees execute confidentiality agreements. Plaintiff has maintained the confidentiality of her tax returns and medical records.

(iv) This Court has the inherent power to issue orders on confidentiality over materials exchanged during discovery, irrespective of whether the materials are filed with the Court. Fed.R.Civ.P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 (1984). The Court may issue such an order, including an "umbrella protective order," upon a showing of "good cause." Fed.R.Civ.P. 26(c).

(v) In considering whether good cause exists for an order on confidentiality, the Court applies a "balancing process," weighing factors that consider the privacy interests of the parties, whether the information to be protected from disclosure is important to public health and safety or otherwise a matter of legitimate public concern, and whether the party seeking the protection is a public entity or official. If a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting...an order of confidentiality.

(vi) In this case, consideration of the factors to be examined under the "balancing process" argues for the application of an order on confidentiality to this case. Plaintiff and Defendant, entirely private entities, are seeking only to protect from unwarranted disclosure confidential information that is not a matter of any legitimate public concern. Such information is comprised of proprietary trade secret information, including but not limited to customer lists and sales information, materials related to private business policies and procedures, and personal

information about individuals with no interest, involvement, and/or stake in the litigation. The information does not concern any matter of public health or safety, and the parties have categorical interests in maintaining the privacy and confidential nature of the documents and materials, as the disclosure of the documents and materials to third parties may subject them to potential monetary loss and other legal actions (e.g., invasion of privacy claims) by parties whose personal information is revealed in the course of the litigation.

(vii) The Parties consent to the entry of an Order on Confidentiality.

WHEREFORE, having made these determinations, the Court finds good cause for the entry of an Order on Confidentiality and hereby ORDERS:

1. "Confidential Information" shall mean:

    a. all documents and other things produced or otherwise disclosed by the parties in this action, or by any third party, including all copies thereof, where such items are so designated as provided by this Order on Confidentiality ("Order"); and

    b. all testimony given in this action by the parties, their officers, consultants, experts, directors, agents, and/or employees, whether by deposition or otherwise, where such testimony is so designated as provided by this Order, including all transcript copies thereof.

2. The term "document" as used herein shall include, without limitation, correspondence, memoranda, stenographic and handwritten notes, diagrams, studies, publications, books, pamphlets, pictures, photographs, drawings and schematics of every type, films, videotapes, tape recordings, maps, reports, surveys, minutes, telegrams, telexes, contracts, memoranda of agreement, diaries, graphs, charts, checks, bank statements, income tax forms, other forms, microfilms, microfiche, computations, data processing

cards, computer records and computer tapes and printouts and things similar to any of the foregoing; and every copy of such document whenever the original is not in a party's possession, custody or control; and any document bearing on any sheet or side thereof.

3. Confidential Information in documentary or written form shall be designated as confidential by marking each page of the document or writing as: **CONFIDENTIAL.**

4. Subject to the provisions of Paragraph 1, Confidential Information shall be given, shown, disclosed, made available, or communicated only to:

   a. The parties in this action and their employees and representatives;

   b. The attorneys of record for the respective parties in this action, their respective associates, clerks, legal assistants, stenographic personnel, and firms engaged by counsel to provide litigation support services, including experts, and the employees of such firms;

   c. court reporters covered by Paragraph 6 herein.

5. No person, firm, corporation or other entity shall use Confidential Information in any manner whatsoever except for use in the litigation of this action. Furthermore, no person, firm, corporation or other entity subject to this Order shall give, show, disclose, make available or communicate Confidential Information to any person, firm, corporation or other entity not expressly authorized by this Order to receive such Confidential Information. Counsel for any party may show documents containing Confidential Information to potential witnesses where counsel reasonably believes it appropriate to counsel's investigation, preparation or presentation of the case, provided that Counsel first obtains the written agreement of the potential witness to be bound by the terms of this Order.

6. To the extent that any Confidential Document is used in the taking of depositions, all such documents and information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony directly dealing with the Confidential Documents or information. At the time any Confidential Document is used in any deposition, the producing party shall be required to inform the reporter as to which portions of the transcript will be considered Confidential Information pursuant to this Order.

7. In the event a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law or other papers filed in this action, such Confidential Information shall be filed under seal with the Court, except where the party seeking to use the Confidential Information is the party which designated the information as Confidential, in which event that information and all other Confidential Information related thereto shall no longer be deemed confidential.

8. Any designation of information or documents as confidential may be challenged by the non-producing party at any time by motion to the Court.

9. Upon the conclusion of this action, and upon the written request of the producing party, all documents or information identified as Confidential Information shall be returned to the producing party or destroyed by counsel.

10. The Court retains the right to allow disclosure of any subject covered by this Order at any time in the interest of justice.

SO ORDERED THIS 14 DAY OF March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF NORTH CAROLINA